## Manola, Appellant, *v.* Enterprise Stamping Company.

*Negligence—Master and servant—Infant—Dangerous machine—Question for jury.*

In an action by a boy fifteen years of age to recover damages for personal injuries, it appeared that plaintiff was employed in a can making establishment where old cans were cut open and the tin was straightened out under rollers, and the edges trimmed by shearing machines. After the boy had been working at a shearing machine for a couple of days, the superintendent said to him: "When you have a stock, you take some other work to do. Go over to some machine and work." The boy thereupon left the shearing machine, went to a roller, and began feeding the rolls with tin. His hand was caught between the rolls and severely injured. He had been given no instruction how to use the rollers. *Held* (1), that the single question was whether the boy was justified in doing the work at the rolls under the instructions he had received from the superintendent; and (2) that this question was for the jury.

Argued Oct. 21, 1908. Appeal, No. 105, Oct. T., 1908, by plaintiff, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 138, refusing to take off nonsuit in case of Joseph Manola, a minor, by his father and next friend, Louis Manola, and Louis Manola v. Enterprise Stamping Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass by a boy fifteen years of age against his employer to recover damages for personal injuries. Before SWEARINGEN, P. J.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Meredith R. Marshall,* with him *Thos. M. & Rody P. Marshall,* for appellants.—The case was for the jury: Tagg v. McGeorge, 155 Pa. 368; Smith v. Coal & Iron Co., 186 Pa. 28; Lewis v. Seifert, 116 Pa. 628; Fisher v. Ry. Co., 131 Pa. 292; Bucklin v. Davidson, 155 Pa. 362; Kehler v. Schwenk, 151 Pa. 505; Minnequa Springs Imp. Co. v. Coon, 10 W. N. C. 502; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Bollinger v. Gallagher, 170 Pa. 84; Walbert v. Trexler, 156 Pa. 112.

*Wm. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* filed no printed brief.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

We are of opinion that the learned court below was in error in withdrawing this case from the jury. The minor plaintiff was employed to operate one of the defendant's shearing machines, and was instructed by the company how to perform his duties. In the same room, and about twenty or twenty-five feet from where the boy was working at the shearing machine, there was a set of rolls for straightening out the tin. After the boy had worked at the shearing machine for a couple of days, the superintendent said to him: "When you have a stock, you take some other work to do. Go over to some machine and work." On the day of the accident the boy had been working at the shears and had prepared a stock of tin. He left his machine and went to the rolls and began feeding the rolls with the tin. His hand was caught between the rolls and severely injured.

The learned court construed the instructions given the boy by the superintendent to mean that when he had prepared a stock of tin sheets he should go over to another shearing machine and go to work there. Unfortunately for this position, the instructions of the superintendent do not specify the machine at which the boy is to work. They do not say that he shall go to another shearing machine, but: "Take some other work to do; go over to some machine and work." This instruction standing alone would authorize the boy to do other

work than shearing, and go to any machine in the room in which he was employed. The language is not sufficiently explicit to warrant the court in holding as matter of law that the boy was instructed to leave the machine at which he was at work and go to another shearing machine and perform the same kind of labor. It was broad enough to warrant him in going to work at the rolls after he had prepared a stock of tin sheets at his shearing machine.

It is conceded that the boy was not instructed how to operate the rolls, and that was a duty imposed upon the defendant company if the boy was employed to work there. The single question was, therefore, whether the boy was justified in going to work at the rolls under the instructions he had received from the superintendent. Under the evidence in the case, the question was for the jury.

The second assignment does not comply with the rules of court and need not be considered.

The first assignment of error is sustained, and the judgment is reversed with a venire facias de novo.