## Manola *v.* Enterprise Stamping Company, Appellant (No. 1).

*Negligence—Master and servant—Infant—Dangerous machine.*

Where a boy under fifteen years of age employed in a factory is instructed by the superintendent after he had worked for several days at a particular machine, to take another machine and do some other work, and he is not instructed what machine to take, or told how to work the one which he chose, and he is injured, the employer may be held liable for the injury, although the boy's testimony as to what occurred was denied by the defendant.

Argued May 7, 1909. Appeal, No. 199, April T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 138, on verdict for plaintiff in case of Joseph Manola, by his father and next friend, Lewis Manola, v. Enterprise Stamping Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, P. J.

For the facts see the opinion of the Superior Court and Manola v. Enterprise Stamping Co., 223 Pa. 116.

Verdict for plaintiff, Joseph Manola, for $900, and for Lewis Manola for $600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.— It was incumbent upon the plaintiff, in order to recover, to prove by affirmative evidence that the defendant had been guilty of the negligence alleged: Melchert v. Brewing Co., 140 Pa. 448; Zurn v. Tetlow, 134 Pa. 213; Ash v. Verlenden Bros., 154 Pa. 246; O'Keefe v. Thorn, 24 W. N. C. 379; Gillem v. Rowley, 134 Pa. 209; Vant v. Roelofs, 217 Pa. 535.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.—In case of young persons, it is the duty of the em-

ployer to take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they should not be exposed: Doyle v. Pittsburg Waste Co., 204 Pa. 618; Rummel v. Dilworth, Porter & Co., 131 Pa. 509.

OPINION BY BEAVER, J., July 14, 1909:

This action of trespass for personal injuries to Joseph Manola, the minor son of Lewis Manola, was twice tried in the court below. Upon the first trial the court granted a compulsory nonsuit which it refused to take off. Upon appeal to the Supreme Court, this refusal was assigned for error and the judgment was reversed. Mr. Justice MESTREZAT, speaking for the court, in his opinion, said: "It is conceded that the boy was not instructed how to operate the rolls, and that was a duty imposed upon the defendant company if the boy was employed to work there. The single question was, therefore, whether the boy was justified in going to work at the rolls under the instructions he had received from the superintendent. Under the evidence in the case, the question was for the jury:" Manola v. Enterprise Stamping Co., 223 Pa. 116.

At the second trial, which we have under review, on appeal, in which the refusal of the court to give binding instructions in favor of the defendant and to enter judgment for defendant non obstante veredicto are assigned for error, the effort was made to distinguish the case from itself, and it is argued before us that this effort was successful, the facts elicited on the second trial being such as to justify the court in disregarding the opinion of the Supreme Court, based upon the facts as elicited in the first trial. In our view of the case this effort was not successful. Although the facts as elicited at the second trial may have differed to some extent, those which were fundamental remained practically the same. The plaintiff who was injured, although less than fifteen years of age at the time of the injury, was about eighteen at the time of the second trial. His testimony in regard to his instructions was: "Q. Did Mr. McGhee tell you anything about where to work? A. Oh, he told me, after I worked there for about three or four days—he

told me to take some other machine after I had a stock—to take another machine and do some other work. Q. Tell us as near as you can what words he used when he told you that? A. Said 'Boy, when you have a stock on,' he says, 'take some other thing to do.' Q. Did he use the word 'machine' in telling you that? A. Yes, sir, he said machine too. He said anything or take a machine, yes, sir." This general direction to the plaintiff is denied, but it is practically conceded that no instruction in regard to the management of the rolls at which he was injured was given him. The question was, therefore, for the jury as in the former trial.

The court below, following the practical direction of the Supreme Court, left the case to the jury upon this question and submitted it in such a manner as to the general question of negligence and of contributory negligence that there is no specific assignment of error as to the parts of the charge covering these questions.

In our opinion, there was no such change in the facts elicited upon the second trial as would justify the court below in disregarding the opinion of the Supreme Court. Inasmuch as there is no exception to the manner in which the case was submitted, we must assume, as it is easy to do from an examination of the charge, that there was nothing objectionable in the manner in which the case was submitted to the jury.

Judgment affirmed.